UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EVANGEL TABERNACLE OF THE
ASSEMBLIES OF GOD, INC., et al.                                              PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:09CV-426-S

LOUISVILLE AND JEFFERSON COUNTY
METROPOLITAN SEWER DISTRICT, et al.                                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Louisville and Jefferson County Metropolitan Sewer District ("MSD"), to dismiss the action as to it for lack of subject matter jurisdiction. (DN 14).

The action arose from a joint flood protection project between the United States Army Corps of Engineers ("ACE") and MSD (the "Pond Creek Project") which required the acquisition of a permanent easement over 8.73 acres and a temporary easement over 4.1 acres of land owned by Plaintiffs Evangel Tabernacle of the Assemblies of God, Inc., *et al.*, ("Evangel"). The project began in 2006 and is essentially complete. Negotiations between the property owners and the defendants over the appropriate amount of compensation were unsuccessful. To date, the property owners have received nothing for their property.

On June 1, 2009, Evangel filed suit against ACE and MSD in the Jefferson County, Kentucky, Circuit Court, Division Nine, seeking compensation. ACE removed the action to this court pursuant to 28 U.S.C. § 1442 which permits removal of actions brought against the United States and its agencies. By Agreed Order entered February 3, 2010 (DN 24), the action was

dismissed as to defendant United States Army Corps of Engineers ("ACE"), the parties acknowledging that jurisdiction is vested solely in the United States Court of Claims over this inverse condemnation action against ACE. *See,* 28 U.S.C. § 1491(a); *Blanchette v. Connecticut General Insurance Corps*, 419 U.S. 102, 126, 95 S.Ct. 335, 350, 42 L.Ed.2d 320 (1974). Defendant Jefferson County Metropolitan Sewer District ("MSD") has moved to dismiss, also alleging lack of subject matter jurisdiction. The claims against ACE having now been dismissed, the court will decline to exercise pendent jurisdiction over the remaining claims and will remand the action to the Jefferson Circuit Court.

MSD urges that we dismiss the claims as to it, rather than remand them. It argues that dismissal would be the most expeditious course of action. MSD contends that it will necessarily be made a party to a condemnation action in the Court of Claims, as MSD and ACE have agreed to each bear a portion of the cost for the taking of the property. MSD urges that a remand will delay the process. MSD Mo. to Dismiss, p. 4. However, when three years after the taking of the property ACE and MSD still had not pursued condemnation, Evangel filed this litigation to move the matter to resolution. To date, no action has been filed in the Court of Claims.

Evangel seeks remand of the remaining claims to the Jefferson Circuit Court. While MSD urges Evangel to dismiss the remaining claims and file its own suit in the Court of Claims, it has no authority to force Evangel do so. Therefore, the court will decline to address the claims against MSD under the authority of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and its progeny, and will remand the action to the state court. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

February 10, 2010

Charles R. Simpson III, Judge
United States District Court